UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHELLE TORREY, Parent and POA of C.S., | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 12-11788-JLT |
| DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION APPEALS a/k/a COMMONWEALTH OF MASSACHUSETTS DIVISION OF ADMINISTRATIVE LAW APPEALS SPECIAL EDUCATION OF APPEALS, | * * * * * * * | |
| Defendant. | * | |

MEMORANDUM and ORDER

July 2, 2013

TAURO, J.

This court dismissed Plaintiff's complaint on April 9, 2013. Plaintiff had until May 9, 2013 to file a notice of appeal.[1] Plaintiff missed this deadline. Instead, on May 13, 2013, Plaintiff filed an untimely notice of appeal. Plaintiff then filed a Motion for an Extension of Time for Appeal with the First Circuit. The First Circuit remanded Plaintiff's motion to this court for a determination of whether Plaintiff has demonstrated "excusable neglect or good cause" for her untimely notice of appeal.[2]

The Advisory Committee notes to Federal Rule of Appellate Procedure 4 clarify that the good cause and excusable neglect standards occupy "different domains."[3] The notes elaborate:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations where there is no fault – excusable

---

[1] Fed. R. App. P. 4(a)(1)(A).

[2] See Fed. R. App. P. 4(a)(5)(A).

[3] Fed. R. App. P. 4 advisory committee's note (quoting Lorenzen v. Emps. Ret. Plan, 896 F.2d 228, 232 (7th Cir. 1990)).

or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.[4]

A determination of excusable neglect "is at bottom an equitable one."[5] Relevant considerations include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[6] The third consideration – reason for the delay – carries the greatest weight.[7] The moving party must, at minimum, provide a "satisfactory explanation for the late filing."[8]

Plaintiff offers two explanations for her untimely filing. First, Plaintiff claims that she was emotionally distraught after her family dog bit her daughter on April 9, 2013.[9] The Emergency Room discharge slip indicates that Plaintiff's daughter sustained a dog bite to her abdomen and was discharged that same day.[10] The fact that Plaintiff's dog bit her daughter a month before the appellate deadline does not constitute excusable neglect or good cause for her delayed filing.

Second, Plaintiff claims that she did not receive this court's order dismissing her complaint until April 25, 2013, because she was outside of Massachusetts on a vacation between April 10, 2013 and

---

[4] Id.; see Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 453 (1st Cir. 1995).

[5] Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

[6] Id. (quoting Pioneer, 507 U.S. at 395).

[7] Id.

[8] Id.

[9] See Mot. Extension Time Appeal Ex. 4.

[10] Mot. Extension Time Appeal Ex. 4.

April 25, 2013.[11]  Taking Plaintiff's allegation as true, Plaintiff still had two weeks after returning home and receiving her mail to file a notice of appeal by May 9.  Plaintiff does not offer an explanation for her failure to file a notice of appeal during those two weeks.  Accordingly, this court finds that Plaintiff's vacation does not constitute excusable neglect or good cause for her delayed filing.

Finally, it is apparent from Plaintiff's filings that she miscalculated the deadline for appeal based on a misunderstanding of the Federal Rules of Appellate Procedure.  Plaintiff thought that the thirty-day period for appeal began to run when she received the district court order in the mail.  Yet, Federal Rule of Appellate Procedure 4(a)(1)(A) states in clear terms that the thirty days begins to run at the "entry of the judgment or order appealed from."  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[12]  "While the court acknowledges [Plaintiff's] *pro se* status, *pro se* litigants are not excused from compliance with procedural rules."[13]  Plaintiff has not demonstrated any unique or extraordinary circumstances warranting a different outcome in this case.  As a result, this court finds that Plaintiff's misunderstanding of the applicable procedural rule does not constitute excusable neglect or good cause for her untimely filing.[14]

For the above-stated reasons, Plaintiff's Motion for an Extension of Time for Appeal is DENIED.  IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[11] Mot. Extension Time Appeal Ex. 3 (Rodrigues Aff.).

[12] Graphic Commc'ns Int'l, 270 F.3d at 6 (quoting Pioneer, 507 U.S. at 392).

[13] United States v. Almonte, No. CR 98-64 ML, 2007 WL 1656249, at *1 (D.R.I. June 6, 2007) (citing Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994)).

[14] See Graphic Commc'ns Int'l, 270 F.3d at 5-6; Hosp. del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir. 2001).